Shauck, J.
The principal contention of counsel for the plaintiff is, that Section 3928, Revised Statutes, which is a part of the chapter relating to joint subdistricts, contemplates the establishment of such subdistricts by the mutual agreement of the boards concerned, to be expressed at a joint meeting, and that by implication a quorum of each board must be present, and that a majority of each quorum must vote in favor of its establishment.- Whether that is the correct interpretation of the particular section cited, if considered alone, need not be determined in the present case. Chapter 5 is devoted wholly to the establishment, maintenance, alteration and dissolution of joint subdistricts. The proceedings had in this instance were supposed to be, and, we think, clearly were, authorized by this, and the succeeding sections of the chapter. These sections contemplate that an *329 agreement failing, the members of the several boards, interested shall constitute a special body for the consideration of the subject. Since the statute makes, no different requirement, a majority of the body is a quorum, and a majority of the quorum may act. This view of the statute need not be rejected from fear of abuse by the preponderating vote of the membelrs from a larger township. What the legislature has evidently regarded as a safe precaution against such possible abuse is found in a timely remonstrance to be filed with the probate judge. The action of the joint board provisionally established the joint subdistrict, and the statute pointed out a mode of procedure to be pursued by any who are dissatisfied therewith.
It may be that the case would, upon consideration of the question, be found to be within the familiar rule that there can be no resort to equity when legal remedies are adequate, and further that the plaintiff’ is without capacity to maintain the present action, but the point decided justifies the judgment of the circuit court and it will be affirmed.

eJudgment affirmed.

Btjrket, C. J., Spear, Davis, Price and Crew, JJ., concur.